UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRELL TAYLOR, | 1:13-cv-01105-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (Doc. 8.) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

**I.     BACKGROUND**

Kirell Taylor ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on July 18, 2013, together with an application to proceed in forma pauperis. (Docs. 1, 2.) On July 22, 2013, the undersigned issued an order denying Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g), and dismissing this action without prejudice to refiling with submission of the $400.00 filing fee in full. (Doc. 5.)

On August 1, 2013, Plaintiff filed a document entitled "Undertaking and Request to Take Judicial Notice of Undertaking in Lieu of Proceeding in Forma Pauperis Pursuant to Federal Rules of Evidence, Rule 201," in which he requests the court to accept an alternate method of payment of the filing fee for this action. (Doc. 8.) The court construes Plaintiff's document as a motion for reconsideration of the court's order of July 22, 2013.

**II.     MOTION FOR RECONSIDERATION**

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

The court has reviewed Plaintiff's motion and finds that he has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

**II.     CONCLUSION**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on August 1, 2013, is DENIED.

IT IS SO ORDERED.

    Dated:   **August 2, 2013**               **/s/ Lawrence J. O'Neill**
                                                                  UNITED STATES DISTRICT JUDGE